IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL D. STUBBS,

    Petitioner,

v.                                                                CASE NO. 5:07-cv-226-RS-AK

SCOTT A. MIDDLEBROOK,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, § 2241 Petition for Writ of Habeas Corpus, filed by Michael D. Stubbs. In the petition, Petitioner complains that in assessing his custody classification, the Bureau of Prisons has improperly scored him at a greatest severity rating, and he seeks to be reclassified to a moderate severity and transferred to a minimum security facility. After this case was initiated, he was transferred to a low security facility, where he remains incarcerated.[1] Respondent has filed his answer, Doc. 16, and Petitioner has filed a reply. Doc. 17. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

Petitioner is presently serving a 185-month sentence from the United States District

---

[1] Petitioner's transfer does not affect this Court's jurisdiction, and while Petitioner is no longer housed in a medium security facility, he has not been transferred to a minimum security facility, as he requested and thus, there appears to be an active case or controversy despite the transfer.

Court for the Northern District of Ohio for conspiracy to distribute and to possess with intent to distribute cocaine base and marijuana; using interstate commerce facilities in the commission of murder for hire, and conspiracy to use and carry firearms during and in relation to a drug trafficking crime. At the time the petition was filed, Petitioner was confined at FCI Marianna; thus, this cause was properly filed in this Court. He is presently incarcerated in FCI Loretto, Pennsylvania, and is presently scheduled for release on April 11, 2010.[2] *See* http://www.bop.gov. Respondent concedes that Petitioner has exhausted his administrative remedies.

In his first claim for relief, Petitioner claims that BOP should not have scored as a "greatest severity" because (1) he was a minor participant in the murder for hire and (2) the murder for hire was "subsumed" in the drug conspiracy. Doc. 1. According to him, using the murder for hire as a basis for assessing him at a greatest severity level is a violation of the Double Jeopardy Clause. *Id.* In his reply, he claims that the classification violated due process instead. Doc. 17.

As Respondent points out, a prisoner has no constitutional right to any particular classification or custody level, *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976), and certainly, the Double Jeopardy Clause affords him no protection in classification proceedings.[3] *See North Carolina v. Pearce*, 395 U.S. 711, 717

---

[2]This differs from the last known address provided by Petitioner, which was FCI Elkton, Ohio.

[3]To the extent Petitioner claims a double jeopardy violation in connection with his underlying convictions, that is plainly a matter not addressable in a § 2241 petition, as it is an issue which should have been raised either before or during trial or via a § 2255 motion to vacate.

(1969) (right against double jeopardy protects against second prosecution for same offense after acquittal, second prosecution for same offense after conviction, and multiple punishments for same offense); *Butler v. McDonough*, 2007 WL 2071530, *8 (M.D. Fla. July 17, 2007) (double jeopardy protections apply to criminal trials, not inmate classifications used by prison officials to maintain institutional safety and security).  The Bureau is afforded wide discretion in its classification of the prisoners under its care, custody, and control, *Cohen v. United States*, 151 F.3d 1338, 1342-44 (11th Cir. 1998), and in assessing an inmate's classification, the Bureau uses an offense severity scale.  According to it, a prisoner who has been convicted of "any" homicide or voluntary manslaughter is afforded a "greatest severity" rating.  *See* U.S. Dept. of Justice, Federal Bureau of Prisons Program Statement 5100.08, App. A (Sept. 12, 2006).  An "attempt" is scored "in the same severity category as the underlying offense." *Id*.  Instant Petitioner was convicted of using interstate commerce to facilitate a murder for hire.  While it does not appear that anyone actually died, there was an attempted homicide which Petitioner arranged.  The fact that the conviction on this count was grouped with the convictions on the drug counts for purposes of determining Petitioner's base offense level under the Sentencing Guidelines does not negate the conviction or somehow cause it to be "subsumed" into the drug convictions.  While the Bureau certainly could decrease Petitioner's security level if it so decided to, there is nothing before the Court to establish that it violated his due process rights by refusing a waiver of its own guidelines.

As to Petitioner's argument that P.S. 5100.08 is unconstitutional because it is vague, it is not well taken.  Murder for hire is a type of homicide, and the "any" language of the program statement merely recognizes that homicide can take various forms without the crime necessarily

being labeled as "homicide."   Thus, the language is not "so vague that men [or women] of common intelligence must necessarily guess at its meaning and differ as to its application...."

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *22nd*  day of June, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**